**Electronically Filed
Intermediate Court of Appeals
29670
21-OCT-2010
08:43 AM**

NO. 29670

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
FRANKO CHOSA, aka Roy Joseph, Defendant-Appellee,
and
FREEDOM BAIL BONDS, Surety/Movant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 08-1-1254)


SUMMARY DISPOSITION ORDER
(By:  Nakamura, C.J., Foley and Fujise, JJ.)


In a civil proceeding within a criminal case, Surety/Movant-Appellant Freedom Bail Bonds (FBB) appeals from the "Order Denying Motion to Set Aside Judgment and Order of Forfeiture of Bail Bond" filed on November 5, 2008 in the Circuit Court of the First Circuit[1] (circuit court).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as

---

[1]  The Honorable Dexter D. Del Rosario presided.

well as the relevant statutory and case law, we conclude that FBB's appeal is without merit.

Hawaii Revised Statutes (HRS) § 804-51 (Supp. 2009) provides in relevant part:

> §804-51 **Procedure.** Whenever the court, in any criminal cause, forfeits any bond or recognizance given in a criminal cause, the court shall immediately enter up judgment in favor of the State and against the principal or principals and surety or sureties on the bond, jointly and severally, for the full amount of the penalty thereof, and shall cause execution to issue thereon immediately after the expiration of thirty days from the date that notice is given via personal service or certified mail, return receipt requested, to the surety or sureties on the bond, of the entry of the judgment in favor of the State, <u>unless before the expiration of thirty days from the date that notice is given to the surety</u> or sureties on the bond of the entry of the judgment in favor of the State, <u>a motion</u> or application of the principal or principals, surety or sureties, or any of them, <u>showing good cause</u> why execution should not issue upon the judgment, <u>is filed with the court</u>. If the motion or application, after a hearing held thereon, is sustained, the court shall vacate the judgment of forfeiture and, if the principal surrenders or is surrendered pursuant to section 804-14 or section 804-41, return the bond or recognizance to the principal or surety, whoever shall have given it, less the amount of any cost, as established at the hearing, incurred by the State as a result of the nonappearance of the principal or other event on the basis of which the court forfeited the bond or recognizance. <u>If the motion</u> or application, <u>after a hearing held thereon, is overruled, execution shall forthwith issue</u> and shall not be stayed unless the order overruling the motion or application is appealed from as in the case of a final judgment.

(Emphases added.)

On September 11, 2008, the circuit court ordered the bail bond of Defendant Franko Chosa aka Roy Joseph (Chosa) forfeited due to Chosa's nonappearance at a hearing where his presence was required. The circuit court filed a Judgment and Order of Forfeiture of Bail Bond on September 17, 2008. On September 23, 2008, FBB received notice of the bail bond forfeiture, which triggered the start of the thirty-day period in which execution of the judgment of forfeiture was stayed. On September 29, 2008, within the thirty-day period, FBB filed a Motion to Set Aside Judgment and Order of Forfeiture of Bail Bond

2

(First Motion to Set Aside). The showing of good cause set forth in the motion was surety attorney's declaration that Chosa "will have been taken into custody or will personally appear before the Court to provide a reasonable explanation as to the reasons for [his] failure to appear at the date and time when previously ordered." The hearing was subsequently set for October 8, 2008.

On October 8, 2008, FBB's First Motion to Set Aside was heard and denied. Chosa was not in custody and did not appear at the hearing to provide a reasonable explanation for his nonappearance.

On October 17, 2008, still within the thirty-day period, FBB filed another Motion to Set Aside Judgment and Order of Forfeiture of Bail Bond (Second Motion to Set Aside). The showing of good cause set forth in the motion was surety attorney's declaration that Chosa "will have been taken into custody or will personally appear before the Court to provide a reasonable explanation as to the reasons for [his] failure to appear at the date and time when previously ordered." The hearing was set for October 29, 2008.

On October 29, 2008, FBB's Second Motion to Set Aside was heard and denied. Chosa was not in custody and did not appear at the hearing to provide a reasonable explanation for his nonappearance.

FBB did not demonstrate the existence of "good cause" as defined by the Hawai'i Supreme Court in State v. Camara, 81 Hawai'i 324, 916 P.2d 1225 (1996). "Good cause" exists where, prior to the expiration of the thirty-day period under HRS § 804-51, a defendant voluntarily surrenders, or is surrendered by the surety, or provides a satisfactory reason for failing to appear in court when required. Camara, 81 Hawai'i at 330, 916 P.2d at 1231. FBB did not provide a satisfactory reason for Chosa's nonappearance. A satisfactory reason exists when a defendant is

3

prevented from appearing in court due to no fault of his making. Id. FBB did not surrender Chosa, nor did Chosa voluntarily surrender, during the thirty-day search period or during the pendency of FBB's First and Second Motions to Set Aside.

Therefore,

The "Order Denying Motion to Set Aside Judgment and Order of Forfeiture of Bail Bond" filed on November 5, 2008 in the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, October 21, 2010.

On the briefs:

Richard D. Gronna
for Surety/Movant-Appellant.

Delanie D. Prescott-Tate,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge